UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON WERNER and MICHAEL
PATTON,

    Plaintiffs,

v                                                                  Case No: 13-10287
                                                             Honorable Victoria A. Roberts

HEWLETT-PACKARD COMPANY,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiffs Werner and Patton filed four objections to Magistrate Judge Grand's Report and Recommendation to Grant Defendant's Motion for Summary Judgment.

Werner and Patton were part of a sales team for Hewlett-Packard Company ("HP") . This case raises one primary issue: whether various "Sales Letters" issued to them during their employment with HP amounted to enforceable contracts?

HP has numerous software packages that it markets and sells to clients. ArcSight is but one. Werner, supervised by Patton, was assigned to attempt to sell ArcSight to General Motors ("GM").

HP ultimately assembled a team of senior executives to negotiate the sale of Arcsight to GM under the GM Enterprise-wide Software Licensing Agreement ("GM ELA").

This dispute arises because Werner and Patton believed they were entitled to more in sales commissions than HP payed them, pursuant to its Management Incentive Performance Review ("MIPR") policy.

1

Magistrate Judge Grand's Report and Recommendation accurately laid out the background of this case. (see R&R, pp. 1-6)

Judge Grand concluded that because Plaintiffs cannot establish a mutual intent to be bound, or the existence of valid legal consideration, the Sales Letters are not enforceable contracts.

When properly objected to, the Court reviews *de novo* a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. §636 (b)(1). Plaintiff filed timely objections that were proper. There are four of them:

(1) The Magistrate Judge did not properly apply the summary judgment standard of review when he found in footnote 3 that Werner and Patton did not play key roles regarding the ArcSight portion of the GM ELA deal;

(2) The Magistrate Judge did not properly apply the summary judgment standard when he failed to accept as true, Werner and Patton's evidence that HP did not apply the MIPR policy to the GM ELA deal;

(3) The Magistrate Judge erred by refusing to apply Michigan law regarding unilateral contracts; and

(4) The Michigan case law relied upon by the Magistrate Judge is clearly distinguishable from the present case.

The objections are fully briefed.

After *de novo* review of the briefs in connection with the summary judgment, the R&R, Plaintiffs' objections and the response, the Court agrees with Magistrate Judge Grand's finding. He abided by the proper summary judgment standard in concluding there were no genuine issues of material fact. He applied correct Michigan law and

properly distinguished what he did not find to be applicable. He thoroughly analyzed the issues and gave well-reasoned explanations for his finding that HP expressly manifested an intent not to be bound by the Sales Letters.

As Magistrate Judge Grand found, this Court concludes that the Sales Letters are not enforceable contracts. HP is entitled to summary judgment on Plaintiffs' breach of contract claims.

The Court **ADOPTS** Magistrate Judge Grand's Report and Recommendation; Defendant's Motion for Summary Judgment is **GRANTED**. Judgment will enter in favor of HP.

**IT IS ORDERED**.

　　　　　　　　　　　　　　　　　　　　　/s/ Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: March 5, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 5, 2015.

s/Linda Vertriest
Deputy Clerk